# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | 19-MISC-_____ |
| ) | |
| v. ) | |
| ) | **FILED UNDER SEAL** |
| JOINT ACTIVE SYSTEMS, INC., ) | |
| ) | |
| Respondent. ) | |

## DECLARATION OF BRIAN M. LAMACCHIA
## IN SUPPORT OF THE GOVERNMENT'S UNOPPOSED
## PETITION FOR ENTRY OF STIPULATED ORDER CONCERNING No. CID 18-01

I, Brian M. LaMacchia, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant United States Attorney in the Office of Andrew E. Lelling, United States Attorney for the District of Massachusetts, attorney for petitioner the United States of America (the "Government") in the above-captioned action.  I make this declaration in support of the Government's Unopposed Petition for Entry of Stipulated Order Concerning Civil Investigative Demand No. 18-01 ("CID 18-01" or "the CID"), which was served on Joint Active Systems, Inc. ("JAS") on June 25, 2018.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of CID 18-01.  It lists eleven interrogatories and twelve requests for documents and communications.

3.      I have been assigned to represent the Government in this action, and am familiar with the matters set forth herein.

4.      JAS manufactures devices for range of motion joint therapy.  It is headquartered in Illinois but transacts business in Massachusetts and across the United States.

5. In some circumstances, JAS directly bills government healthcare providers for its products and services, and, in other circumstances, it sells its products to third parties, which then bill government healthcare providers for JAS's products.

6. The United States is investigating whether JAS improperly billed for its devices, or caused third parties to improperly bill for its devices. Among other things, the United States is investigating whether JAS improperly billed for its devices, or caused others to bill for its devices, as custom-fabricated orthotics for purchase using so-called "L codes," rather than durable medical equipment on a monthly rental basis using so-called "E codes."

7. The Government served CID 18-01 on JAS on June 25, 2018 through Special Agent Christine Ricketts of the Department of Health and Human Services. Exhibit 1 includes a return of service from Special Agent Ricketts.

8. The CID required documents to be produced within 30 days, and interrogatory responses to be provided within 20 days, after JAS's receipt of the CID.

9. In the more than seven months since the CID was served, JAS has produced some responsive documents and has responded to one interrogatory.

10. While JAS has produced, and continues to produce, documents and interrogatory responses in response to the CID, a number of requests remain outstanding. Most recently, JAS has indicated that it requires until March 15, 2019 to complete its responses to the CID.

11. The Government has attempted to resolve this matter without the need for litigation. In the past, JAS has claimed it would complete its responses to the CID by certain dates, but then failed to do so.

12.     The Government believes that the entry of the stipulated proposed order, requiring compliance with the CID by March 15, 2019, is necessary to ensure that JAS fully responds to the CID by that date.

I declare under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief.

Dated:     February 13, 2019
           Boston, Massachusetts

Brian M. LaMacchia (BBO # 664369)
Assistant United States Attorney
District of Massachusetts

## CERTIFICATE OF SERVICE

I hereby certify that I have this 13th day of February 2019, served a copy of the foregoing by emailing and mailing copy of the same in the United States mail, first class, addressed as follows:

Paul W. Kim, Esq.
Coles Schotz, P.C.
300 East Lombard Street
Suite 1450
Baltimore, MD 21202
pkim@coleschotz.com
410-528-2979

Brian M. LaMacchia (BBO # 664369)
Assistant U.S. Attorney

# EXHIBIT 1

Civil Investigative Demand

# United States Department of Justice

TO:   Joint Active Systems, Inc.                              Civil Investigative Demand
      2600 S. Raney Street                                    No. 18-01 (D. Mass.)
      Effingham, Illinois 62401

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns, among other things, allegations that Joint Active Systems, Inc. ("JAS"), with and through other entities, knowingly submitted, or caused the submission of, false claims to Medicare, the Medicaid program, and/or the Department of Veterans Affairs, or knowingly and improperly retained payments from Medicare, Medicaid, and/or the Department of Veterans Affairs, for products and/or services at higher rates than were permissible given the nature of the products and/or services actually provided or the associated patient need.

This Demand requires you to provide documents and answers to written interrogatories to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

## I.   DEFINITIONS

The following definitions shall apply in these requests for documents and interrogatories:

1.   "CMS" or "Medicare" means the Centers for Medicare and Medicaid Services, including its agents and contractors (e.g., Medicare Administrative Contractors).

2.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3.   "Concerning" means directly or indirectly, in whole or in part, relating to, referring to, describing, reflecting, evidencing, embodying, containing, identifying, dealing with, bearing upon, constituting, or in any way pertinent to the subject.

4.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5.   "'E' Code" means any code in the Healthcare Common Procedure Coding System used, now or in the past, by CMS, Medicare, Medicaid, or any Pricing, Data

Analysis and Coding Coordinator that begins with an "E" followed by a series of numbers (e.g., E1816).

6. "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

7. "Identify" (with respect to documents) means to give, to the extent known, the type of document; general subject matter; date of the document; and author(s), addressee(s), and recipient(s).

8. "JAS" or "the Company" means Joint Active Systems, Inc., located at 2600 S. Raney St., Effingham, Illinois 62401, its predecessors, successors, parents, and affiliates, and any present or former employees, executives, owners, board members, or investors.

9. "JAS device" means any device or other product manufactured, sold, or distributed by JAS.

10. "'L' Code" means any code in the Healthcare Common Procedure Coding System used, now or in the past, by CMS, Medicare, Medicaid, or any Pricing, Data Analysis and Coding Coordinator that begins with a "L" followed by a series of numbers (e.g., L3905).

11. "Medicaid" means the joint federal and state insurance program for medical and health-related care for persons of all ages whose income and resources are insufficient to pay for healthcare. For purpose of this Demand, "Medicaid" includes any program managed by any state agency (e.g., MassHealth).

12. "NEOPS" means New England Orthotic and Prosthetic Systems, LLC, its predecessors, successors, parents, and affiliates, including without limitation, NEOPS Holdings, LLC, and any present or former employees, executives, owners, board members, or investors.

13. "Relevant Period" means January 1, 2005 to the present.

14. "State" or "Identify" (with respect to facts) means to give a full, complete, and accurate statement of the facts at issue, including identification of (a) each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the facts referred to by the interrogatory; (b) each and every communication which forms any part of the source of the party's information regarding the facts referred to by the interrogatory; (c) the acts or omissions to act on the part of any

person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the facts referred to in the interrogatory; and (d) any other fact which forms the basis of the party's information regarding the facts referred to in the interrogatory.

## II.    DOCUMENTS

You are required by this Demand to produce any and all of the documents described in Attachment A that are in your possession, custody or control.

You must make this material available to Brian M. LaMacchia, Assistant U.S. Attorney, who has been designated as a False Claims Act custodian in this case, at the following address:

> Brian M. LaMacchia
> Assistant U.S. Attorney
> Williams Federal Building
> 408 Atlantic Avenue, Suite 236
> Boston, MA 02110
> (617) 748-3653

These documents shall be produced no later than thirty (30) days from the receipt of this Demand, unless otherwise agreed upon by yourself and the False Claims Act custodian, at the office specified above or at another location to be mutually agreed upon by yourself and the False Claims Act custodian. The production of documentary material in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

## III.    WRITTEN INTERROGATORIES

You are required by this Demand to answer the following interrogatories. The answers to interrogatories shall be submitted no later than twenty (20) days from the receipt of this Demand, at the Office of the United States Attorney for the District of Massachusetts, Williams Federal Building, 408 Atlantic Avenue, Suite 236, Boston, Massachusetts 02110, or at such other time and place as may be agreed upon by you and Mr. LaMacchia. The interrogatories shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this Demand. If you object to any interrogatory, the reasons for the objection shall be stated with specificity.

1.    Identify any contracts, arrangements, agreements, understandings, bargains, deals, pacts, or promises, written or otherwise, between the Company and NEOPS.

2.    Identify each instance where the Company has sold a JAS device to NEOPS. Include in your answer the following: (1) patient identifying information, (2) the physician (by name, employer, and place of employment) prescribing the JAS device, (3) the JAS sales representative associated with the sale of the JAS device, (4) the date the patient was measured

and fitted for the JAS device, (5) the person (by name, employer, and place of employment) who measured and fitted the JAS device, (6) the physical location (by street address) where the patient was fitted, (7) whether reimbursement was sought from any insurer, and if so, the amount of reimbursement sought, the amount paid, and any billing code(s) associated with the claims, (8) the date JAS shipped or delivered the JAS device, (9) the physical location (by street address) from which JAS shipped the JAS device, (10) the physical location (by street address) where the patient received the JAS device, (11) the date the patient received the JAS device, (12) the person (by name, employer, and place of employment) responsible for delivering the JAS device to the patient, and (13) the payment JAS received for the JAS device and the source of that payment.

3.    To the extent not included in the Company's answer to Interrogatory 2, state whether Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors have approved payment for a JAS device under an "E" code or an "L" code, and if so, identify each instance, including the date the claim was submitted, the entity submitting the claim, and the JAS device subject to the claim.

4.    Identify each entity to which the Company has sold a JAS device during the Relevant Period, the number and type of such devices sold to each, and each payment JAS received for such devices.

5.    State whether and under what circumstances the Company considers JAS devices eligible to be billed to Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors using an "L" code, and the basis for the Company's belief.

6.    Identify each person presently or formerly affiliated with the Company (including any board member, executive, or investor) that is or was familiar or involved with determining whether and in what circumstances an entity would be eligible to claim payment or reimbursement, in whole or in part, for a JAS device from Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors.

7.    For each person, including all JAS directors, officers, and employees, that has provided services to JAS during the Relevant Period, state his or her name, dates of employment with JAS, last title with JAS, Social Security number, and last known home address and telephone number.

8.    Identify any policies or procedures of the Company, written or otherwise, concerning billing Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors, for JAS devices.

9.    Identify any documents and/or training provided to the Company's employees concerning whether and in what circumstances an entity would be eligible to claim payment or reimbursement, in whole or in part, for a JAS device, from Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors.

10.     Identify any documents and/or training provided to the Company's employees concerning the Company's sales and/or revenue forecasts or goals.

11.     State how the Company maintained, arranged, or organized records related to sales of JAS devices during the Relevant Period.

Issued at Boston, Massachusetts, this 15ᵗʰ day of June, 2018.

Mary Murrane
Chief, Civil Division
U.S. Attorney's Office
District of Massachusetts

## FORM OF CERTIFICATE OF COMPLIANCE[1]

I have responsibility for answering interrogatory numbers_____in Civil Investigative Demand No. 18-01.  I hereby certify that all the information required by the Civil Investigative Demand and in the possession, custody, control, or knowledge of the person to whom the Civil Investigative Demand is directed has been submitted.  To the extent information has not been furnished, the information is identified and the reasons why the information was not furnished are set forth with particularity.  Additionally, if any such information has not been produced because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated.


Signature_____

Title_____


**SWORN TO** before me this_____day of _____, 2018

_____
NOTARY PUBLIC


_____
[1] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

## FORM OF CERTIFICATE OF COMPLIANCE[2]

I have responsibility for producing the documents requested in Civil Investigative Demand No. 18-01. I hereby certify that all the materials required by that Civil Investigative Demand which are in the possession, custody or control of the person to whom the Demand is directed have been submitted to a custodian named therein.

If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

Signature _____

Title _____

**SWORN TO** before me this _____ day of

_____, 2018

_____

NOTARY PUBLIC

---

[2] In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

## **VERIFIED RETURN OF SERVICE**

I,_____, an employee of the United States working under
the direction and supervision of attorney Brian M. LaMacchia in connection with a false claims
law investigation, hereby certify that at the time of _____, on the_____day of
, 2017, I personally served Civil Investigative Demand No. 18-01 on
, by delivering_____an executed copy of such Demand at:
_____
_____
_____

     I declare under penalty of perjury that the foregoing is true and correct.  Executed on this
_____day of _____, 2018.

Signature_____

Title_____

**Attachment A**
(Civil Investigative Demand #18-01)

**REQUEST FOR DOCUMENTS**

## I.    Instructions

1.     This request calls for all documents in the possession, custody or control of the Company, as defined above, including, but not limited to, its present and former officers, directors, employees, agents, consultants, contractors, corporate predecessors, successors, and affiliates.  The Company is required to search all files reasonably likely to contain responsive documents, including paper files, regardless of whether stored at the Company's offices or off site; electronically-stored files, such as information stored in any billing or financial software; paper and electronic calendars; electronic communications, including a search of the company's hard drive and back-up drives, audio and video recordings, facsimiles, sent/received/forwarded and deleted emails and text messages from personal or company accounts/phone numbers sent by and from computers and devices provided by the company.  This search must include all offices, including without limitation offices maintained in homes of employees, officers, and directors, and including without limitation, offices in any remote locations, and including offices of contractors who maintain or store data for the benefit of the Company.

2.     If you contend that information or a document sought by these Document Requests is subject to any privilege, identify that information or document on a separate privilege log and provide the following information with respect thereto:

        a.     the type of information or document withheld; the general subject matter of the information or document;

        b.     the date the information or document was created or transmitted;

        c.     the identity of each person having knowledge of the information or document, including its author/creator and all recipients of the information or document (which recipients include persons carbon copied or blind copied on correspondence); and

        d.     the nature of the privilege asserted.

3.     No documents provided in response to the Request for Documents shall be produced in redacted form unless the redaction is for a claim of privilege, and such redaction is identified on the privilege log addressed in Paragraph 2.  Specifically, documents provided in response to this request shall not be redacted on the grounds that another subject matter, other than a subject described in this request, is mentioned in the document, as such information may be relevant for contextual or comparative purposes.

4.     If any document, information, or data called for by this request exists as, or can be retrieved from, information stored in computerized form, then you are directed to produce the information in computerized form, including sufficient identification of the applicable software

- 2 -

program to permit access to, and use of, the document. **Electronic data shall be produced in
accordance with the specifications set forth in Exhibit 1 hereto, unless otherwise mutually
agreed upon by yourself and the False Claims Act custodian.** Please consult with an
information technology specialist, who will be designated by Assistant U.S. Attorney Brian M.
LaMacchia, before producing electronically-stored information.

5.   Preservation of documents: In the event an objection is made to the search and/or
production of documents, including but not limited to electronically-stored information, on the
ground of undue burden, the Company shall ensure that all potentially-responsive documents are
preserved until the objection is resolved.

6.   Manner of production: All documents produced in response to this CID shall
comply with the following instructions:

    a.   The Company shall conduct a search for responsive documents in a manner
sufficient to identify the source and location where each responsive document
is found. A file source log shall be provided identifying, for each document,
the individual having custody of the document and the location of the file
from which the document was produced.

    b.   All documents produced in response to this Demand shall identify the source
and location where the document was found.

    c.   To the extent that documents are found in file folders and other similar
containers which have labels or other identifying information, the documents
shall be produced with such file folder and label information intact.

    d.   To the extent that documents are found attached to other documents, by means
of paper clips, staples or other means of attachment, such documents shall be
produced together in their condition when found.

7.   In the event there are no documents responsive to a particular request, please state
that the Company has no responsive documents.

8.   If the Company knows of documents it once possessed or controlled, but no
longer possesses or controls, which would have been responsive to this Demand, state what
disposition was made of such documents, including identification of the person(s) who are or are
believed to be in possession or control of such documents currently.

9.   To facilitate the handling and return of the submitted documents, please number
each page sequentially with identifying letters preceding each number. The marks should not
obscure any information on the document. With respect to information produced in electronic
format, each CD, DVD, and/or hard drive shall be marked with a label stating a unique
identifying letter/number(s). With the production please also provide a complete listing of
documents produced and their corresponding identification numbers.

- 3 -

## II.     Requests

1.     Documents relied on by the Company or its employees in answering the Interrogatories in this Demand.

2.     Organizational charts, employee directories, and/or similar documents sufficient to describe the organization of the Company, including its board and executives, as it existed during the Relevant Period.

3.     Documents sufficient to identify all employees, with dates of employment and title, during the Relevant Period having responsibility for:

    a.    determining the eligibility of JAS devices for coverage under or payment by Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors;

    b.    billing and claims submitted to Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors for patients, including any denials and appeals of those denials, or advising JAS customers on such billing and claims; and

    c.    working with NEOPS, including negotiating agreements and contracts with JAS.

4.     All documents and communications concerning the sale of any JAS device to any person or entity, which device was ultimately billed to Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors.  The requested documents include, without limitation, sales materials, memoranda, patient records, billing records, purchase orders (including bar codes, serial numbers and other identifiers for the products in question), pricing schedules, invoices, proof of payment, billing codes, medical records, prescriptions, insurance information, measurement forms, medical necessity forms, practitioners' notes, delivery slips, emails, facsimiles, text messages, and reports.

5.     All documents and communications concerning the relationship between JAS and NEOPS, including contracts, arrangements, agreements, understandings, bargains, deals, pacts, or promises, written or otherwise, sales or rental records, billing invoices, and payments or revenue received.

6.     All documents and communications concerning the billing of Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors for any JAS device using an "L" code.

7.     All communications between the Company and NEOPS, to the extent not covered by other Requests.

8.     All communications between the Company and Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors concerning JAS devices.

- 4 -

9.      All provider contracts and provider agreements with CMS, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors.

10.      All documents and communications concerning any internal or external audits, reviews, or investigations of claims submitted to Medicare, Medicaid, the Department of Veterans Affairs or any other governmental insurer and/or their managed care payors for JAS devices.

11.      All documents and communications concerning any internal or external audits, reviews, investigations, or assessments of the Company's relationship or dealings with NEOPS or the billing of JAS devices using "L" Codes, including any complaints received by the Company and the Company's response.

12.      Documents sufficient to identify all employees, with dates of employment and title, whose employment has been terminated during the Relevant Period, and the reason(s) for such termination.

**Attachment B**
(Civil Investigative Demand #18-01)

**Electronic Production Specifications for the**
**Boston US Attorney's Office**

1.    Concordance formatted .dat load file containing the metadata fields detailed in the attached field list for each database record.

2.    Concordance formatted .opt image cross reference load file.

3.    Document level extracted text files named with the Bates begin number.  If text cannot be extracted, those documents are to be OCR'd.  Do not include extracted or OCR text in the .dat file.

4.    Group IV single page .tif or .jpg images AND native files.

5.    Native electronic files are to be produced in addition to Tiff or JPEG images.  The native file is to be named by the Bates number of the first page of the document.  If a file cannot be rendered to tiff then a slip-sheet image is to be produced and Bates endorsed. The slip-sheet should contain the Original Path and Original File Name.

6.    Electronic data such as relational database systems, legacy systems, voicemail systems, or other non-standard type electronic data should be discussed before producing.

7.    Deduplication processing specifications should be discussed with the Boston US Attorney's Office before proceeding.

8.    Electronic files that cannot be processed will be listed on an exception report and the report is to be provided to the Boston US Attorney's Office.

9.    Archived or compressed files (e.g., ZIP, TAR, ISO) shall be decompressed and processed.

10.   Privilege log(s) are to be produced in an electronic format such as MS Excel or MS Access.

## Boston US Attorney's Office - Electronic Load File Specifications

| Field Name | Field Description | Applies To |
|---|---|---|
| BATESBEGIN | Bates begin number including prefix Example: USA00000001 | All |
| BATESEND | Bates end number including prefix Example: USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. *Example*: emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| BATESENDATT | The ending Bates number for a range of related or family documents. *Example*: emails and their attachments are considered document families. | Emails & Attachments / Zip File & Attachments |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | *Examples*: Email, Attachment, Zip File, Zip File Attachment, Electronic Document, Paper | All |
| NATIVEFILE | This field will contain the full directory path and file name to the native file. | Native files produced |
| TO | TO recipient(s) of email | Emails |
| FROM | FROM or author(s) of emails | Emails |
| CC | CC recipient(s) of email | Emails |
| BCC | BCC recipient(s) of email | Emails |
| AUTHOR | AUTHOR(s) of documents | Non-emails |
| LAST_EDIT_BY | Last edited by | Where available |
| TITLE | Title of electronic documents | Where available |
| EMAIL SUBJECT | Email subject | Emails |
| DOCSUBJECT | Subject metadata from electronic files | Where available |
| CONVERSATION | Email conversation text | Emails |
| DATECREATED | Creation date of original document | All except emails |
| DATELASTMOD | Last modification date of original document | All except emails |
| DATESENT | Sent date of email message | Emails |
| DATERCVD | Received date of email message | Emails |
| DATELSTPRINT | Date last printed | Where available |
| DATESORT | For emails & attachments it should be the email sent date so that the family members will stay together in a sort. For loose electronic files (not emails & attachments) use the date last modified. All documents should have a value in this field. | All |
| APPLICATION | Application used to create the native file, e.g. Word, PowerPoint, and Excel | All |
| DOC_EXTENSION | File extension. Example: .pdf | All |
| FILENAME | File name. **Example:** May2014.xls | All |

May 2015

| Field Name | Field Description | Applies To |
|---|---|---|
| ORGFILEPATH | File path from original media including file name:  **Example:** Ksmith\Financials\Accts_payable.xls | All |
| NUMATTACH | The number of attachments to an email or contained in a zip file. | Emails / Zip Files |
| HEADER | Email header data | Emails |
| CATEGORIES | Contains the category a user manually entered in the categories field of a document | Where available |
| COMPANY\ORGANIZATION | Contains the name of the company | Where available |
| COMMENTS | Contains the comments from the body of Excel, Word, PowerPoint and Project files | Where available |
| KEYWORDS | Keywords a user manually entered into the keywords property field | Where available |
| FOLDER | Email folder name.  **Example :**  Sent, Inbox, Drafts | Emails / Attachments |
| MAILSTORE | The name of the email file. **Example:** ksmith.pst | Emails / Attachments |
| FILE_SIZE | File size | Where available |
| HAS_MACRO | The file contains a macro | Where available |
| REV_NUMBER | The file contains a revision number | Where available |
| HAS_TRACK_CHANGES | Yes or No value.  **Example:**  If a Microsoft Word or Excel document contains tracked changes. | Where available |
| SUBRESNUM | The subpoena or document request to which the document is responsive. | All |
| DUP_SOURCE* | Applies to productions employing global de-duping processing only.  This field should identify the media source, custodian and file path for data that is not included because it is a duplicate.  **Example:** Company.edb/ksmith/Inbox. | All records de-duplicated due to global de-duping processing. |
| ATTACHNAME | List of attachment file names.  **Example:** May2014.xls | Emails / Zip Files |
| HASHVALUE | The unique hash value of the document | All |
| PAGECOUNT | The number of pages in a document. | All tif files |
| MESSAGEID | Email message id | Emails |
| VOLNUM | Media volume number, **Example:** USAVol001 | All |
| TEXTPATH | Folder Path of extracted or OCR text | All |
| FULLTEXT1 | Extracted full text or OCR | All |
| FULLTEXT2 | Extracted full text overflow | All |

May  2015

| Field Name | Field Description | Applies To |
|---|---|---|
| | | |

**Load File Format:** Format the dates as mm/dd/yyyy in the .dat file.

**Other Formatting:** Each member of a family will have its own record. *Example* : the email is a separate record from its attachment(s).

\* This field is to be populated for each production.  A load file updating the  DUP_SOURCE field is also required as more documents are de-duplicated from newly processed data.  The update file should contain the BATESBEGIN number of the produced document and the updated DUP_SOURCE field. Please use the standard Concordance delimiters in the update load file.

May 2015

## Boston US Attorney's Office - Scanned Paper Load File Specifications

| Field Name | Field Description | Applies To |
|---|---|---|
| BATESBEGIN | Bates begin number including prefix Ex: USA00000001 | All |
| BATESEND | Bates end number including prefix Ex: USA00000001 | All |
| BATESBEGATT | The beginning Bates number for a range of related or family documents. *Example*: Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| BATESENDATT | The ending Bates number for a range of related or family documents. *Example*: Binders or other bulk items broken out into separate documents for scanning. | Related or family documents. |
| FOLDERNAME | A file folder name | Documents in folders. |
| CUSTODIAN | Custodian / Source | All |
| DOCTYPE | *Example*: Paper | All |
| PAGECOUNT | The number of pages in a document. | All |
| TEXTPATH | Folder Path of extracted or OCR text | All |
| FULLTEXT02 | OCR /full text overflow | All |
| VOLNUM | Media volume number, e.g. USAVol001 | All |

**Image Format**: Group IV single page .tif or .jpg files.   Paper files should be scanned at 300 DPI. The file name should equal the Bates begin number without spaces.  Do not split pages for a document into separate folders.

## VERIFIED RETURN OF SERVICE

I Christine Ricketts, an employee of the United States working under the direction and supervision of attorney Brian M. LaMacchia in connection with a false claims law investigation, hereby certify that at the time of 4:59pm on the 25 day of June, 2018 I personally served Civil Investigative Demand No. 18-01 on , by delivering via email an executed copy of such Demand at: Boris@jointactivesystems.com

_____

_____

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25 day of June, 2018.

Signature Christine Ricketts

Title Special Agent